John R. CUNNINGHAM, Appellant,

v.

George J. MITCHELL, Appellee.

No. 23172.

United States Court of Appeals
Fifth Circuit.

Feb. 24, 1967.

E. E. Huppenbauer, Jr., Cox, Bagot & Huppenbauer, New Orleans, La., for appellant.

W. Dewitt Reams, David W. Green, Mobile, Ala., for George J. Mitchell, appellee; Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., of counsel.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

ESTES, District Judge:

This appeal involves four cases arising out of the same chain of facts which were consolidated for trial under Rule 42 (a), F.R.Civ.P. Civil Action No. 2873 was brought by George J. Mitchell against John R. Cunningham for $10,000 as the balance due on a promissory note made by Cunningham on September 20, 1960. Civil Action No. 2875 was brought by Mitchell against Cunningham for $15,-000 in damages for conversion and fraudulent use of a $10,000 note dated October 24, 1960. Civil Action No. 2876 was brought by Mitchell against Cunningham for $15,000 in damages for conversion and fraudulent use of another $10,000 note, also dated October 24, 1960.

Finally, Civil Action No. 3032–63 was brought by Cunningham against Mitchell

for $102,000, plus interest, for an alleged breach of contract dated July 14, 1960, between Cunningham and Mitchell, whereby Mitchell employed Cunningham to obtain and acquire for Mitchell a loan or loans to finance the building of a certain motel in Mobile, Alabama, and Mitchell was to pay Cunningham six (6%) percent of the total amount of the loan or loans acquired and obtained for the building of the motel.

In each of the three actions brought by Mitchell, Cunningham filed a counterclaim, claiming the sum due for breach of contract as alleged in Cunningham's Civil Action No. 3032–63.

The cases were tried before the trial judge without a jury.

Appellant, Cunningham, appeals from the decree entered on June 18, 1965, awarding appellee, Mitchell, the following sums:

1. In Civil Action No. 2873, $10,000.-00 principal, $2,500.00 attorney's fee, and 8% interest from September 20, 1960;
2. In Civil Action No. 2875, damages in the sum of $1,500.00;
3. In Civil Action No. 2876, damages in the sum of $2,500.00;

and denying appellant any recovery for breach of contract in Civil Action No. 3032–63.

The evidence establishes that in 1958 Mitchell initiated plans to build a motel on property he owned in Mobile, Alabama. Plans were drawn, and plans to obtain financing were begun. On July 14, 1960, Mitchell entered into a letter agreement with Cunningham and Riley Smith, as follows:

"It is understood and agreed that I will pay to Riley Smith and John R. Cunningham of 2480 Government Blvd., Mobile, Alabama, six (6%) percent of the total amount of the loan acquired for the building of said motel. Very Truly Yours, George J. Mitchell"

Although not within the issues pleaded, Cunningham offered in evidence a second letter agreement entered into on the same date between Mitchell, Cunningham, and Smith, as follows:

"I hereby agree to pay six (6%) percent of the gross receipts received, per year, for twenty-five (25) years, for the lease obtained on Blacksher Gardens property to Ramada Inn Roadside Hotels of Houston, Texas. This commission is due and payable upon each settlement made by Ramada Inn Roadside Hotels of Houston, Texas.

"For and in the above consideration, it is agreed that Riley Smith and John R. Cunningham will service this lease in its inforcement [sic] with Ramada Inn Roadside Hotels, and in the supervision of its construction. Very Truly Yours, George J. Mitchell"

The evidence, including Smith's testimoney, establishes that Smith was to handle the servicing and all problems arising in Mobile and that Cunningham would handle a "lock-and-key" deal, wherein he would obtain all the financing for the motel, both interim and permanent. Financing for $220,000 over and above the construction money was necessary to pay off co-owners of the land, the architect for services, and related expenses. Estimated construction cost was $1,092,000.

Cunningham submitted various proposed financial commitments to Mitchell, but none was acceptable, because either the loan was too small and would not cover the motel project, or the interest was too high, or the loans would not pay off from the income of the project.

On September 20, 1960, Cunningham gave Mitchell a promissory note for $10,-000, payable in 120 days after date. The note was not honored, and this formed the basis of Civil Action No. 2873.

On October 18, 1960, Cunningham obtained a "standby" commitment from the Republic National Life Insurance Company (Republic) of Dallas, Texas, the gist of which was that a note for $1,375,-000 would be given by Mitchell to a lendder; and if payments of the principal and interest were made, one year later Republic would buy the note at a twenty percent (20%) discount, or approximate-

ly $1,100,000. Such a commitment could then be taken to a lender and the actual loan obtained. Cunningham gave Republic a personal check for $41,250 as payment for the commitment. Mitchell himself had to borrow the $41,250 and give it to Cunningham to cover Cunningham's check to Republic, although Cunningham's check to Republic was given without Mitchell's authority.

On October 24, 1960, Mitchell gave Cunningham three notes, two for $10,000 and one for $100,000, with the payee in each note left blank. The notes were to be used for obtaining financing for the motel from either a bank or an individual. Cunningham, however, filled in and discounted the two $10,000 blank notes to third parties for his own personal use. The $100,000 note was returned by Cunningham to Mitchell in many torn-up pieces. In other litigation the holders of the two $10,000 notes sued Mitchell. On one note the jury returned a verdict in favor of Mitchell, and on the other the court granted Mitchell's motion to dismiss the complaint with prejudice. These two $10,000 notes formed the basis for Mitchell's suits, Civil Actions Nos. 2875 and 2876, against Cunningham for conversion and fraudulent use of said notes.

In the latter part of February, 1961, C. Boyd Jones presented Mitchell with a handwritten statement where Cunningham had signed Mitchell's name, agreeing to pay Jones one (1%) percent for securing the Republic commitment. Although Cunningham did not have authority to bind Mitchell to pay Jones, the evidence shows Mitchell paid Jones to avoid being sued and to rid himself of a nuisance. On February 27, 1961, Cunningham telegraphed Republic, wanting the return to himself of the above described $41,250, which Mitchell told Republic not to send to Cunningham. Officials of the motel's proposed lessee were becoming impatient and advised Mitchell they were withdrawing from the project, unless some affirmative action was taken soon. On February 28, 1961, Mitchell telegraphed Cunningham, withdrawing Cunningham's authority to solicit loan commitments. Cunningham ceased all efforts to secure financing.

The initial and insufficient commitment from Republic expired but was reinstated and increased to $1,625,000. Construction money was obtained in September of 1961, from Chemical Bank New York Trust Company, with Merchants Mortgage Company acting as broker. Another broker secured permanent financing on March 20, 1964, with Northwestern Mutual Insurance Company and Equity Capital Company.

Assignments of error are based exclusively on factual findings. Appellant argues that the court erred in "not granting sufficient and proper weight to the documentary evidence and testimony introduced by appellant" and in failing "to recognize that" appellant performed all services required of him under his contract and hence is entitled to be paid; that appellant was dismissed by appellee without good cause; that appellee did in fact pay appellant for part of his services and owes him for the remainder; that consideration for appellant's note of September 20, 1960, was received by appellee, and that appellee is entitled to no further payments; that the notes dated October 24, 1960, were in fact made to the order of appellant and given as consideration for services rendered. Appellant's final complaint is that the trial court erred in ruling on the contract dated July 14, 1960, between appellant and appellee, relative to the lease of the motel property, since this contract was not before the court.

■ The trial court found that Cunningham did not perform the services required under the contract to obtain the motel's financing, did not earn his fee, and that "he is not entitled to any compensation." This, like all factual findings of the trial judge, will stand unless clearly erroneous. Rule 52(a) F.R.Civ. P.; Chaney v. City of Galveston, 368 F.2d 774 (5 Cir., 1966).

■ There is ample evidence to support the trial court's finding that Cun-

ningham was not entitled to recover for breach of contract. Cunningham did not, in fact, obtain any loans for the project. The agreement from Republic was nothing more than a commitment to buy a note; it was not itself a loan. Furthermore, the amount obtainable under such commitment was not sufficient to cover the project. Although a Republic commitment was used later in obtaining financing, it differed in terms from the one Cunningham had obtained and was for a larger amount. Nor does the fact that Mitchell advanced appellant $16,450 for services entitle Cunningham to damages for breach of contract.

■ Appellant's failure to produce an adequate loan for the motel, his conduct with respect to the $41,250 paid to Republic, and his filling in and discounting the two $10,000 notes constituted a good cause for Mitchell to dismiss Cunningham.

The record shows that appellant, Cunningham, signed and delivered his $10,000 note of September 20, 1960, to Mitchell, involved in Civil Action No. 2873; that it was past due and unpaid at the time of the trial; that $2500 was a reasonable attorney's fee; and eight (8%) percent interest from date was promised in the note.

■ The evidence shows that $1500 was a reasonable attorney's fee for the defense of the suit against Mitchell resulting from the conversion by Cunningham of one of Mitchell's $10,000 blank notes, dated October 24, 1960, involved in Cause No. 2875; and that $2500 was a reasonable attorney's fee for the defense of the suit against Mitchell resulting from the conversion by Cunningham of the other of Mitchell's $10,000 blank notes, dated October 24, 1960, involved in Cause No. 2876.

The findings of the trial court are supported by substantial evidence and "pass muster under the clearly erroneous concept of F.R.Civ.P. 52(a), 28 U.S.C.A." Chaney v. City of Galveston, supra, at 776.

■ With respect to appellant's contention that the trial court erred in its finding of fact (No. 24) that Cunningham did not perform services required by the second letter agreement dated July 14, 1960 (Cunningham Exhibit No. 14), relative to the motel lease, neither the existence nor effect of the second letter agreement was an essential element of the claims and defenses asserted in the four cases under review. Such finding does not affect the substantial rights of the parties and is not reversible. 28 U.S.C. § 2111; Rule 61, F.R.Civ.P.

The trial court's judgment is

Affirmed.